Legal Services of
the
Protec

90 Maple Avenue, White Plains, NY 10601.
OFFICES: WHITE PLAINS - MOUNT VERNON - YONKERS - PEEKSKILL – NEW V

Application denied without prejudice. (*See* Doc. 47). Defendant Corrado is further cautioned that compliance with this Court's Individual Practices is required.

The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 48.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
September 29, 2026

September 28, 2026

Via CM/ECF
The Honorable Philip M. Halpern
U.S. District Judge, S.D.N.Y.
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: PHH Mortgage Corporation v. Lisa Corrado, Richard Serrano, Case No. 7:25-cv-07808-PMH

Dear Judge Halpern,

This office represents the Defendant, Lisa Corrado, in the above action. Defendant submits this letter motion requesting a Temporary Restraining Order for a stay of foreclosure proceedings in order to permit Defendant time to file a motion to vacate Default Judgment and to Dismiss. Defendant is requesting an emergency TRO due to the fact that there is a foreclosure auction scheduled for October 22nd. I have reached out to Plaintiff's counsel, and they have declined to consent to the stay of foreclosure. Per this court's Part Rules Rule 2(C) and 4(F), after consultation with Plaintiff's counsel, the parties consent to a hearing date on the requested Temporary Restraining Order and Motion Schedule for October 5th at 2PM.

**1. The court should vacate the default judgment against Defendant**

Defendant moves to vacate the default judgment pursuant to FRCP Rule 55 (c) and FRCP Rule 60 (b) (4) A court shall determine whether a default judgment should be vacated based on "1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented" *Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). The Defendant Lisa Corrado did not willfully default. She was unable to answer at the time of the original

complaint because she and her husband were dealing with the loss of his job as well as his growing health issues, see Declaration of Lisa Corrado attached. Furthermore, the court should also consider whether the default was caused by a good faith mistake. *See Sony Corp. v. ELM State Elecs., Inc.,* 800 F.2d 317 (2d Cir. 1986) Defendant also mistakenly believed based on a prior state foreclosure case, that a settlement conference would be held prior to any default judgment permitting them to avoid a default on that basis. Defendant's husband was served with the proposed Order to show cause about a week before the Christmas holiday. However, due to how busy the holidays were for her family, as well as the fact that her husband was diagnosed with COPD which resulted in his hospitalization Defendant failed to appear or realize that a motion for a default Judgment was pending. Finally, Defendant has a meritorious case as Plaintiff colluded with the prior mortgagee, Wells Fargo National Association as Trustee for ABFC 2006-OPT2 Trust ("Trust") to manufacture diversity jurisdiction by assignment of the mortgage and therefore Plaintiff lacks subject matter jurisdiction. Furthermore, pursuant to Rule 60 (b)(4) a default judgment may be vacated on the grounds that it is void. "Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed" *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). A complaint brought without subject matter jurisdiction is void and therefore the default judgment should be vacated.

**2. The court must dismiss this case due to lack of subject matter jurisdiction**

A motion to dismiss based on lack of subject matter jurisdiction can be raised at any time. The court should dismiss this case for lack of subject matter jurisdiction as the mortgage was assigned to Plaintiff collusively for the purposes of generating diversity jurisdiction pursuant to 28 USC 1359. An assignment of a claim for the purpose of creating diversity jurisdiction is collusive and therefore the case should be dismissed. O'Brien v. AVCO Corp., 425 F.2d 1030 (2d Cir. 1969) Prudential Oil Corp. v. Phillips Petroleum Co., 546 F.2d 469 (2d Cir. 1976) Kramer v. Caribbean Mills, Inc., 394 U.S. 823, 89 S. Ct. 1487, 23 L. Ed. 2d 9 (1969). Even a complete assignment of rights in which the assignor retains no rights

to the claim can be dismissed if it is collusive and not made for a bona fide business purpose. Once Diversity Jurisdiction has been placed in question it is the burden of the Plaintiff to prove that assignment was legitimate. There are sufficient facts here to raise an inference that the assignment to Plaintiff was collusive. This case concerns a foreclosure, a state law matter which may only be brought in federal court if there is diversity of citizenship between the parties. In order for diversity jurisdiction to exist, all of the Plaintiffs must be citizens of different states from all Defendants. As the Defendants (Lisa Corrado and her husband Richard Serrano) are both citizens and residents of New York (due to being domiciled there) a foreclosure case can only be brought in federal court if the Plaintiff is not a citizen of New York. While PHH Mortgage Corporation is a citizen of New Jersey and Florida (based on its state of incorporation and location of its executive offices, respectively), it was not the original owner of the note and mortgage. The assignment history shows the loan was originally taken out by Option One Mortgage and assigned to Wells Fargo Bank National Association as Trustee for ABFC 2006-OPT2 Trust, Asset Backed Funding Corporation Asset Backed Certificates, Series 2006-OPT2 (herein after “Wells Fargo” or “Trust”). Wells Fargo later assigned the mortgage to PHH in August 15, 2025.

However, it is clear that this assignment was collusive for the purposes of generating diversity jurisdiction. First, the timing of the assignment, as the mortgage was assigned months after the mortgage default occurred in January 2025 and was made a mere five weeks prior to this case being filed on September 19, 2025. Furthermore, the assignment of mortgage lists PHH as power of attorney for the trust with the actual assignment signed by one Kelly Earle, who is identified as a “Senior Servicing Operations Specialist” employed by PHH, which further points to collusion for the purposes of generating diversity jurisdiction as PHH effectively assigned the mortgage to itself. PHH had been employed as the servicer for the mortgage for the last several years including during a prior action brought against Defendants in state court in 2021 under index number 501310/2021. The 90 day notice was also addressed as being from PHH on behalf of the trust at the time it was sent prior to this case being commenced. The assignment of mortgage does not state the amount of consideration provided only that is “sufficient” which is too vague to determine if the assignment was for value. Finally, it is unlikely the trust would not have been

considered diverse for the purposes of diversity jurisdiction. Citizenship of a trust may be determined in a number of ways based on the type of trust at issue. Upon information and belief the prior mortgage Trust was not sufficiently diverse in order to confer this court with subject matter jurisdiction. Once diversity jurisdiction has been questioned the burden is on the non-moving party to demonstrate non-collusion. *Airlines Reporting Corp. v. S & N Travel*, 58 F.3d 857 (2d Cir. 1995) is analogous here. In that case, the Second Circuit held that while the relationship between a consortium of airlines companies and a collections agency were not a parent-subsidiary relationship, their close business ties triggered the presumption of collusion. This case is similar as here, the mortgage servicer, PHH, is employed by entities like the trust for the purposes of collecting and enforcing mortgage loans, was assigned this claim for the purpose of manufacturing diversity jurisdiction. Therefore, the assignment to PHH is presumptively collusive and they may only proceed if PHH demonstrates the assignment occurred for a legitimate business purpose.

**3. Emergency relief is warranted here**

A preliminary injunction may be granted when the moving party is likely to succeed on the merits of the case, there is a risk of irreparable harm if an injunction is not granted, and the balance of equities favor the moving party Winter v Nat. Resources Defense Council, Inc., 555 US 7, 129 S Ct 365, 172 L Ed 2d 249 [2008] Citigroup Glob. Markets, Inc. v VCG Special Opportunities Master Fund Ltd., 598 F3d 30 [2d Cir 2010] Almontaser v New York City Dept. of Educ., 519 F3d 505 [2d Cir 2008] Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969 (C.A.2 (N.Y.),1989) Emergency relief is warranted here because of Defendant's likelihood of success on the merits, the risks of irreparable harm absent a TRO, and the balance of equities favoring the Defendant. For the reasons set forth above, Defendant is likely to succeed as Plaintiff colluded to assign the mortgage for the purposes of manufacturing diversity jurisdiction in violation of Section 1359 and therefore there is no subject matter jurisdiction. Further there is a risk of irreparable harm as absent a stay pending a decision on Defendant's motion, Defendant's home will be sold in a foreclosure sale. This will be harmful to Defendant as they will be forced to relocate from

their longtime home, particularly given Defendant's husband severe illness. A foreclosure or removal from the Defendant's longtime primary residence has always been considered an irreparable injury G.L.A.D. Enters., LLC v. Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2006-1, No. 23-CV-3985 (CS), 2023 WL 5127835 (S.D.N.Y. Aug. 10, 2023) In re Slater, 200 B.R. 491 (E.D.N.Y. 1996). Finally the balance of equities favor the Defendant. Plaintiff brought this action by colluding to manufacture diversity jurisdiction, likely for the purposes of taking advantage of federal court procedural rules that would permit a swifter default judgement as in the 2021 action Plaintiff was barred from a swift default judgment by the requirements of CPLR 3408. CPLR 3408 mandated settlement conferences be held, holding the case in abeyance until their conclusion and enabling Defendants a second opportunity to answer. Furthermore, a delay in foreclosure would not severely disadvantage Plaintiff as the auction can be easily rescheduled if Defendant's motion is denied and as the mortgage provides the right to recover the costs interest, unpaid escrow (taxes and homeowners insurance), and legal fees from the value of the sale of the property.

Respectfully Submitted,

s/Daniel McEnroe

Daniel McEnroe, Esq.
Legal Services of The Hudson Valley
Attorneys for Defendant Lisa Corrado
1 Civic Center Plaza, Suite 506
Poughkeepsie, NY 12601
Phone: 615-777-9350
Email: dmcenroe@lshv.org

Cc: Via Email and CM/ECF
Phionah N. Brown, Esq.
Robertson, Anshutz, Schneid, Crane & Partners, PLLC
900 Merchants Concourse, Suite 310
Westbury, New York 11590
Phone: (516) 280-7675 ext. 55106
Email: PBrown@raslg.com